IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. BURNS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 18-391E |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| VICTORIA E. FEMIANI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER OF DISMISSAL**

For the reasons that follow, Plaintiffs' Section 1983 claims will be dismissed pursuant to the screening provisions in 28 U.S.C. § 1915, and the Court will decline to exercise supplemental jurisdiction over the state-law claims.

Plaintiffs have been granted leave to proceed *in forma pauperis* ("IFP"), and the Complaint is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, the statute requires the Court to dismiss any action in which subject matter jurisdiction is lacking and/or the movant has failed to state claims upon which relief may be granted. *See* Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. Aug. 18, 2015).

The Complaint alleges jurisdiction on the bases of diversity-of-citizenship and federal-question (Section 1983). For the purposes of diversity-jurisdiction, "'[c]omplete diversity' . . . must exist at the time the complaint is filed," which "means that the plaintiff[s] cannot be a citizen of the same state as any of the defendants." Pasternack v. Klein, 2018 WL 5045666, *1

(3d Cir. Oct. 17, 2018) (citation to published, binding authority omitted). Plaintiffs are identified as Ohio-citizens; and Defendant "Reginal Claims Expediters (aka, Rick Marcinko - Appraiser)" is identified as having an Ohio mailing address. Compl. at ¶ 5.

Plaintiffs, who are *pro se* but appear to include a licensed attorney,[1] seemingly recognize the lack of complete-diversity; and they attempt to circumvent the problem by simply failing to reference Defendant Reginal, or his citizenship, in their statement-of-jurisdiction. *See* Compl. at ¶ 13 (listing all parties' citizenship except Reginal/Marcinko). If only civil-litigation, properly adjudicated, were so easy. The Complaint fails to establish the existence of complete-diversity;[2] so that leaves only federal-question.

As to Section 1983, Plaintiffs' only coherent grievance is that they are dissatisfied with State law-enforcement officials' investigation of the automobile-accident in question, and the resulting written accident-report. *See, e.g.*, Compl. at ¶ 11(e) (summarizing Plaintiffs' dissatisfaction that an investigating-officer "refus[ed] to hear [Mr. Burns's] account of the accident"); *id.* at ¶ 24 (complaining that officers failed to credit Plaintiff's statements regarding details of the accident); *and id.* at ¶ 324 (highlighting that the accident-report did not reflect Plaintiff's statements regarding

---

[1] *See* Doc. 7 at 6 (Mr. Burns's signature-line, including "Esq." designation).

[2] The Court cannot presume that Plaintiffs would be willing to forego their putative claims against Defendant Reginal in order to manufacture diversity-jurisdiction. Even if they might, other courts have been reluctant to countenance such gamesmanship under like-circumstances. *See, e.g.*, Land Home Fin. Servs. Inc. v. DBI Coinvestor Fund VIII, 2018 WL 2430893, *1-2 (N.D. Cal. May 30, 2018) (rejecting plaintiff's efforts to manufacture jurisdiction, where "complete diversity was plainly lacking when [p]laintiff filed th[e] action"; the court refused to "assume [the] burden of establishing subject matter jurisdiction given the utter sparseness" of plaintiff's arguments therefor); Reinschmidt v. Exigence LLC, 2014 WL 2047700, *3 (W.D.N.Y. May 19, 2014) (declining plaintiff's request for court to "dismiss certain nondiverse parties in order to create complete diversity jurisdiction"; "[a] federal court is powerless to create its own jurisdiction," "the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction," and using them "to establish jurisdiction would be to [improvidently] bootstrap jurisdiction into existence") (citation to quoted sources omitted).

his vehicle suffering "two hits," in the multiple-vehicle collision, presumably as relates to Plaintiffs' notions regarding causation, fault and the resulting insurance-coverage determinations).

Like motions to dismiss, the Court's IFP-screening incorporates the plausibility-standards annunciated in *Iqbal/Twombly*. Although the pleadings-here are spiced with aspersions of a grand (and, candidly, incredible) conspiracy − between the other drivers, the automobile-insurance related Defendants and law enforcement – there is no plausible explanation for Plaintiffs' assertions. *Cf.* Brodzki v. Fox Broad., 2012 WL 1609166, *1 (3d Cir. May 9, 2012) ("claims describing fantastic or delusional scenarios" are particularly susceptible to IFP-screenout) (citation to quoted, binding authority omitted). Even viewing Plaintiffs' claims more charitably, the Court is unaware of *any* legal authority recognizing Section 1983 liability based on an automobile-accident participant's disagreement with law enforcement's investigation of the accident and/or the resulting accident-report(s). To the contrary, there exists no "constitutional right to a correct police report." Jarrett v. Township of Bensalem, 2009 WL 418623, *2 (3d Cir. Feb. 20, 2009) (collecting cases). Nor is there constitutional-injury when what is at stake is, in essence, the desire for a full insurance-payout. *Id.* at *3 ("one does not have a constitutional right to full recovery on an insurance claim[, ]or . . . a full insurance settlement").

Plaintiffs have failed to demonstrate plausible Section 1983 claims against the state law- enforcement Defendants. With no underlying-liability, there can be no *Monell* liability. In sum, there is little better exemplification of the adage against "making a federal case" of things. Plaintiffs' purported federal claims have no business here, and there certainly are no "extraordinary circumstances" compelling an exercise of supplemental jurisdiction. *See generally* Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004).

For all of these reasons, Plaintiffs' **federal claims** are **DISMISSED WITH PREJUDICE**, pursuant to the screening-provisions in 28 U.S.C. § 1915; their **state-law claims** are **DISMISSED**, without prejudice to refiling in an appropriate state-tribunal; and their Motion (**Doc. 7**) regarding the

period-for-service is **DENIED AS MOOT**. A Rule 58 judgment order will be entered contemporaneously herewith, and the case will be marked closed.

    IT IS SO ORDERED.


January 25, 2019                                                 s/Cathy Bissoon
                                                                   Cathy Bissoon
                                                                   United States District Judge

cc (via First-Class U.S. Mail):

William J. Burns
Karen K. Burns
426 Thompson Avenue
East Liverpool, OH  43920